BARBARA JOYCE COSTELLO, APPELLANT, V. MAURICE COSTELLO, APPELLEE.

176 N. W. 2d 10

Filed April 3, 1970. No. 37272.

David J. Cullan and Foulks, Wall & Wintroub, for appellant.

Morsman, Fike, Sawtell & Davis and Nelson, Harding, Marchetti, Leonard & Tate, for appellee.

Heard before WHITE, C. J., CARTER, SPENCER, BOSLAUGH, SMITH, McCOWN, and NEWTON, JJ.

SPENCER, J.

This is an action for the modification of a divorce decree, instituted by Maurice Costello, defendant-appellee. The action seeks a change in the care and custody of the minor child of the parties, hereinafter referred to as Morgin. The trial court modified the decree changing the custody, and plaintiff-appellant perfected an appeal to this court.

The parties were divorced on July 19, 1963. Appellant was granted the custody of Morgin. In 1966, the decree was modified by agreement to permit the appellant to move Morgin to Colorado. On November 23, 1968, appellee, with whom Morgin was visiting, secured an ex parte order permitting him to retain temporary custody of Morgin pending a hearing on an application for change of custody. On November 26, 1968, appellant filed an application, praying for an order vacating the ex parte order of November 23, and for an order permitting her to remove Morgin from Denver, Colorado, to Hayden Lake, Idaho. Appellant subsequently dismissed the portion of her application to remove the child to Idaho for the reason that she had secured employment in Omaha and returned to the State of Nebraska. There were several other subsequent legal maneuvers, including an application to this court. No purpose will be served by detailing those proceedings herein. Trial was had on the application for change of custody on February 4, 5, and 6, 1969.

Appellant sets out seven assignments of error, only three of which we consider herein. The first assignment of error involves the question as to whether a sufficient change of circumstances was shown to warrant a change in custody. The second assignment of error concerns the participation of appellant's former counsel, and the third assignment of error concerns the inference of prejudice on the part of the trial court in failing to disqualify himself herein. We consider the assignments in inverse order.

There is nothing in this record which would in the slightest measure impugn the integrity of the trial court. His procedure on the ex parte order is common procedure in this state when prompt action is necessary to protect the interests of a minor child. We are further convinced that the trial court handled himself properly at all stages of this proceeding, and specifically find that any inference of bias or prejudice is unwarranted.

At the preliminary stages of the proceedings herein appellee was represented by appellant's former counsel, who had by agreement represented both parties in the original action. Due regard for Canon 6 of the Canons of Professional Ethics should have prompted counsel to withdraw from the proceedings. Original counsel did not participate in the trial. The trial was handled by other counsel who entered an appearance as co-counsel. This impropriety, which cannot be condoned, has no bearing on the merits of the controversy herein, and is not in any way determinative of the issue of custody.

It is the duty of this court on appeal of proceedings to modify a decree of divorce to try the action de novo on the record and to reach a conclusion uninfluenced by what was done by the trial court, except if there is irreconcilable conflict in the evidence the court may consider that the trial court saw the witnesses and accepted one version of the facts. Dennis v. Dennis, 179 Neb. 200, 137 N. W. 2d 694.

Considering the evidence de novo, as we are required to do, we conclude that a sufficient change in circumstances was shown to warrant a change in custody. It will serve no useful purpose to review the evidence in detail herein. Appellant's evidence would indicate that her indiscretions were the result of deception practiced by one Kenneth Stroupe. She testified she was deceived into entering into a meretricious relationship involving an illegal marriage and a purported divorce. In passing, we observe that in November of 1968, subsequent to the purported divorce, appellant's interest in

Stroupe was still such that she was planning to move to Idaho to be with him, and on his representation .that he had finally been divorced, was expecting to marry him. He accompanied appellant, when she returned to Omaha to contest the temporary custody order. Appellant, who is again a legal resident of Nebraska, testified that she now has no intention of marrying Stroupe although his wife has filed a divorce action against him. This may be her intention at the present time but conditions exist which indicate he will be visiting her home in the future, and his influence has been such over the past 6 years that we cannot say that the district court abused its discretion in changing custody herein.

If the circumstances of the parties change or if it is in the best interest of the child, the court may from time to time either on the motion of the parties or on its own motion revise or alter the custody provisions of a divorce decree. § 42-312, R. R. S. 1943.

The testimony reflects disturbing and unsettling conditions which were detrimental to the welfare of Morgin. In our view of the evidence, there had been a sufficient change in circumstances to warrant a change in custody. At the time of the order on temporary custody, there is no question the best interests of the child were served by placing her in the temporary custody of her father. She has been in her father's home since November 1968. There is no reason at this time why that arrangement should be disturbed. Our concern is solely the welfare of the minor child. A court should change custody when it finds such action to be in the best interests of the child and it appears from the evidence that the parent having custody has subjected the child to such disturbing and unsettling conditions as could be seriously detrimental to the health, morals, and well-being of the child.

The judgment changing custody to the appellee was not an abuse of discretion and it is affirmed.

AFFIRMED.